UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID SAFRAN,

                                        Plaintiff,

                          v.                              9:05-CV-0133
                                                                           (TJM)(GHL)

WOODS, Supt., Upstate Correctional Facility; GLENN S.
GOORD, NYS Commissioner of DOCS; GEORGE PATAKI,
Governor, State of New York,

                                        Defendants.
_____

APPEARANCES:

DAVID SAFRAN
Plaintiff, *pro se*
10973
Cayuga County Jail
7445 County House Road
Auburn, New York  13021

THOMAS J. McAVOY, SENIOR JUDGE

## DECISION and ORDER

By Decision and Order of this Court filed March 8, 2005, *pro se* plaintiff David Safran was afforded the opportunity to file an amended complaint if he wished to avoid dismissal of this action.  Dkt. No. 7 (the "March Order").[1]  The March Order advised plaintiff that because the only relief sought on his claim that he was illegally confined without a valid New York certificate of conviction was his release from prison, his complaint failed to state a claim upon which relief could be granted under 42 U.S.C. § 1983.  Plaintiff was also advised that any amended complaint must comply with the

---

[1] Safran has filed a total of six actions in the Northern District of New York since September, 2004, arising out of his conviction and incarceration. See *Safran v. Filion*, 9:04-CV-1124 (TJM/GJD) (habeas transferred to EDNY); *Safran v. Supt.*, 9:05-CV-0007 (LEK/RFT) (habeas transferred to EDNY); *Safran v. Supt.*, 9:05-CV-0132 (GLS/DRH) (habeas transferred to EDNY); *Safran v. Doe*, 8:05-CV-0270 (TJM/DRH) (civil rights; dismissed 5/25/05); *Safran v. Feldstein*, 9:05-CV-0269 (LEK/RFT) (civil rights; dismissed 4/7/05).

pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. *Id*. at 4-5.

Plaintiff thereafter filed a motion seeking to consolidate this action with *Safran v. Supt.*, 9:05-CV-0132 (GLS/DRH), a habeas proceeding he had commenced. That habeas action was transferred to the United States District Court for the Eastern District of New York by Order filed June 1, 2005, and plaintiff's motion to consolidate was denied as moot. Dkt. No. 9 at 2. Plaintiff was granted an extension of time until July 29, 2005 to file an amended complaint in this action. *Id*.

A submission received from plaintiff on July 26, 2005 was rejected for filing and returned to plaintiff because it was not clear that the submission was intended to be the amended complaint required by the March Order, and because it did not appear to be a proper pleading. Dkt. No. 11. Plaintiff's time to comply with the March Order was again extended, and the deadline was reset for September 12, 2005. Dkt. No. 11.

Plaintiff thereupon resubmitted that previous filing. Dkt. No. 12. The submission was docketed as plaintiff's amended complaint, and is now before the Court for review. While this submission bears the heading "Amended Complaint," there is no caption, the defendants are not identified, and the allegations are not easily understood. *Id*. In short, plaintiff's submission is not a proper complaint in compliance with the pleading requirements of the Federal Rules of Civil Procedure.

Nevertheless, in light of plaintiff's pro se status, the Court has carefully reviewed this submission to ascertain whether it might state a claim upon which relief can be granted by this Court, and concludes that it does not. It appears that plaintiff was released from the state custody of which he originally complained, but has since been

incarcerated on a parole violation. *Id*. at 2-3. Plaintiff appears to complain that his present confinement is illegal. It does not appear, however, that plaintiff has taken any steps to exhaust his available state remedies with respect to his confinement. Moreover, as noted, the amended complaint does not name any defendants against whom plaintiff's additional claims might be asserted.

After due consideration, the Court finds that plaintiff's amended complaint fails to state a claim upon which can be granted by this Court pursuant to 42 U.S.C. § 1983. As plaintiff was previously advised by the Court, claims challenging the legality of the confinement may be raised, if at all, only by way of a successful habeas petition filed in the appropriate District. *See Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) ("habeas corpus -- not a § 1983 action -- provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment ....") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)).

Based upon the foregoing, this action is dismissed.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed due to plaintiff's failure comply with the requirements of the March Order that he file an amended complaint which states a claim under Section 1983 upon which relief can be granted against the named defendants, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

Dated: September 29, 2005

Thomas J. McAvoy
Senior, U.S. District Judge